# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1801007017 |
| | ) | |
| MAURICE COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 3, 2022
Decided:  August 3, 2022

*Upon Defendant Maurice Cooper's Motion to Disqualify Counsel,*
**GRANTED.**

## <u>ORDER</u>

Mark A. Denny, Jr., Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE, Attorney for the State of Delaware.

Peter A. Levin, Esquire, 1927 Hamilton Street, Philadelphia PA, 19130, Attorney for Defendant Maurice Cooper.

Jan A. T. van Amerongen, Jr., Esquire, OFFICE OF DEFENSE SERVICES OFFICE OF CONFLICTS COUNSEL, 900 King Street, Suite 320, Wilmington, DE 19801.

Maurice Cooper, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, Defendant

**WHARTON, J.**

This 3rd day of August, 2022, upon consideration of Defendant Maurice Cooper's ("Cooper") Motion to Disqualify Counsel, the responses to that motion of Peter A. Levin, Esquire, the State of Delaware, and the Office of Defense Services Office of Conflicts Counsel, Cooper's letter withdrawing of his Motion to Disqualify Counsel, the responses of counsel to that letter, and the record in this matter, it appears to the Court that:

1.      Defendant Maurice Cooper was convicted by a jury of Drug Dealing (Heroin), Aggravated Possession of Heroin, four counts of Possession of a Firearm by a Person Prohibited, and two counts of Possession of Ammunition by a Person Prohibited on February 28, 2019.[1]  He was sentenced to an aggregate of 75 years of unsuspended incarceration at Level 5, much of it minimum/mandatory incarceration.[2] He also received additional periods of suspended incarceration with decreasing levels of supervision.[3]  An unsuccessful appeal followed.[4]  On April 7, 2021, Cooper filed a *pro se* motion for postconviction relief and an accompanying motion for appointment of counsel.[5]  On April 19th, the Court granted the motion for appointment of counsel.[6] On January 18, 2022, the Office of Conflicts Counsel moved for the admission *pro hac vice* of Peter A. Levin, Esquire to represent Cooper.[7]  That motion was granted

---

[1] D.I. 69.
[2] D.I. 86.
[3] *Id.*
[4] *Cooper v. State,* 228 A.3d 399 (Del. Apr. 15, 2020).
[5] D.I. 120, 121.
[6] D.I. 125.
[7] D.I. 126.

the same day.[8]  On June 13, 2022, Mr. Levin filed an Amended Motion for Postconviction Relief of Cooper's behalf.[9]

2.    On June 8, 2022, Cooper filed this *pro se* Motion to Disqualify Counsel ("Motion").[10]  Cooper alleges that Mr. Levin has a conflict of interest in representing him because he represented a "codefendant/witness" at a federal violation of probation hearing.[11]  Cooper states that the codefendant/witness agreed to cooperate against him in the federal and state proceedings against him stemming from the racketeering investigation that resulted in Cooper's conviction in this case.[12]

3.    The Court solicited the positions of Mr. Levin, the State, and the Office of Conflicts Counsel.  Mr. Levin responds that he was asked by Conflicts Counsel to represent another defendant in this case but declined because he was representing the "codefendant/witness" in the federal violation of probation matter and that "codefendant/witness" was also a defendant in this case.[13]  Therefore, he declined to represent any defendant in this case.[14]  Initially, Mr. Levin was under the belief that representing Cooper on his postconviction effort would not pose a conflict, but upon delving deeper into the points Cooper raised in his motion to disqualify, he concludes

---

[8] D.I. 127.
[9] D.I. 135.
[10] D.I. 132.
[11] *Id.*
[12] *Id.*
[13] D.I. 136.
[14] *Id.*

that the Motion has merit.[15]  The State does not perceive a conflict.[16]  The Office of Conflicts Counsel defers to Mr. Levin and agrees that a conflict exists.[17]

4.    Subsequently, Cooper wrote to the Court withdrawing the Motion.[18]  The letter did not provide an explanation for his change of heart.[19]  The Court again solicited the comments of counsel to Cooper's attempt to withdraw the Motion.  Mr. Levin responded on July 28th reiterating his belief that there is an incurable conflict of interest between the interests of his former client and his continued representation of Cooper.[20]  He bases that belief on a review of his former client's file and a conversation with that client's counsel on his Delaware state charges.[21]  It appears that Mr. Levin's former client provided authorities with information about Cooper's alleged involvement in a homicide, two attempted murders, a robbery, and other offenses.[22]  Mr. Levin also reviewed interview notes wherein his former client expressed fear of Cooper and others.[23]  Finally, his former client has never waived any conflict of interest.[24]  The Office of Conflicts Counsel responded on July 29th.[25] Conflict Counsel received a call from Cooper in which he expressed his concern about

---

[15] *Id.*
[16] D.I.
[17] D.I.
[18] D.I. 137.
[19] *Id.*
[20] D.I. 138.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] D.I. 140.

the delay that reassignment of his case to another attorney would cause.[26] Nonetheless, the Office of Conflicts Counsel supports Mr. Levin's determination that the appointment of new counsel is necessary.[27] The State does not oppose Cooper's request to withdraw his Motion to Disqualify Counsel.[28] It believes that the basis proffered for disqualification does not appear to conflict with any issues in Cooper's case.[29] The State, in apparent agreement with Cooper, believes it is in the parties' interest to proceed in a timely manner.[30]

5.      The Court has considered the positions of all counsel and Cooper and concludes that it would be appropriate for new counsel to be appointed to represent Cooper. Interestingly, in all of their submissions, no one references the conflict of interest rules of the Delaware Lawyers' Rules of Professional Conduct ("DLRPC") and only Cooper cites any case law. DLRPC Rule 1.9 provides that a lawyer "who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing." The Court finds that the matter in which Mr. Levin represented the former client is substantially related to Cooper's

---

[26] *Id.*
[27] *Id.*
[28] D.I. 139.
[29] *Id.*
[30] *Id.*

case.[31]  The Court further finds that the interests of Cooper and the former client are materially adverse,[32] and that the former client has not given informed consent to Mr. Levin's representation of Cooper, confirmed in writing.  Accordingly, a conflict of interest exists between Mr. Levin's representation of his former client and his representation of Cooper.

**THEREFORE,** Defendant Maurice Cooper's Motion to Disqualify Counsel is **GRANTED**, notwithstanding his attempt to withdraw it.  The Office of Conflicts Counsel is directed to appoint new counsel for Cooper as expeditiously as possible.  Upon the appointment of new counsel, the Court will issue a new scheduling order.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[31] Cooper has provided detailed evidence supporting this conclusion in his Motion. *See,* D.I. 132.

[32] Mr. Levin's former client has expressed his fear of Cooper.  That fear no doubt would be exacerbated were Mr. Levin to be successful on Cooper's behalf.